1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9  JIMMIE DERELL COOPER,

10       Petitioner,                            Case No. 2:11-cv-01008-PMP-GWF

11  vs.                                         **ORDER**

12  BRIAN E. WILLIAMS, SR., et al.,

13       Respondents.

14

15       Before the court are the petition for a writ of habeas corpus (#1) and respondents' motion to

16  dismiss (#9).  Petitioner has not filed any response to the motion to dismiss.  The court agrees with

17  respondents that petitioner has not exhausted his available state-court remedies for any of his

18  grounds for relief.  The court grants the motion and dismisses the action.

19       Pursuant to a plea agreement, in state court petitioner was convicted of felony driving under

20  the influence of intoxicating liquor.  Ex. 22 (#9-23).  Petitioner appealed, and the Nevada Supreme

21  Court affirmed.  Ex. 35 (#9-36).  Petitioner filed a petition for rehearing.  Ex. 36 (#9-37).  The

22  Nevada Supreme Court denied rehearing.  Ex. 38 (#9-39).  Petitioner then filed a motion for a

23  modification of his sentence.  Ex. 40 (#9-41).  The state district court denied the motion.  Ex. 44

24  (#9-45).  Petitioner appealed, and the Nevada Supreme Court affirmed.  Ex. 46 (#9-47).  Petitioner

25  then commenced this action.

26       Before a federal court may consider a petition for a writ of habeas corpus, the petitioner

27  must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for

28  relief, a petitioner must fairly present that ground to the state's highest court, describing the

operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims.  In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Petitioner was convicted of violating former Nev. Rev. Stat. § 484.3792(2), which imposed a greater punishment for felony driving under the influence because he previously had been convicted of one or more counts of felony driving under the influence pursuant to Nev. Rev. Stat. § 484.379.  In ground 1, petitioner claims that his conviction at issue in this case is invalid because one of the prior convictions had been vacated as void.  Petitioner did not present this claim to the Nevada Supreme Court either on direct appeal or on the appeal from the denial of his motion to modify his sentence.[1]  Ground 1 is not exhausted.

---

[1]In his petition for rehearing on the direct appeal, petitioner noted that the Nevada Supreme Court had held that he had not challenged the validity of his prior judgments of conviction.  He also noted that that statement was incorrect.  Ex. 36, at 2 (#9-37).  However, the sole issue on direct appeal was whether state law required the state district judge to have recused herself because she had been a prosecutor who was involved in one of petitioner's earlier cases.  Petitioner was arguing that the Nevada Supreme Court misstated a fact that it used to support its finding that the state district judge did not need to recuse herself.  Petitioner did not present the legal claim that he presents to this court, that his judgment of conviction at issue in this case was invalid because the prior judgments were invalid.

1            Ground 2 is a claim state-court proceedings were commenced in the wrong justice court.

2    Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or in

3    the appeal from the denial of his motion to modify his sentence.  Ground 2 is unexhausted.[2]

4            Ground 3 is a claim that petitioner received ineffective assistance of counsel for two

5    reasons.  First, petitioner claims that Nadine Morton, his counsel, did not appear at sentencing, and

6    that the attorney who appeared on her behalf did not argue for a sentence in accordance with the

7    plea agreement.  This led to petitioner receiving a sentence of 24 to 120 months in prison, instead of

8    the agreed-upon sentence of 24 to 60 months.  Second, petitioner claims that Morton did not file his

9    motion for the state district judge to recuse herself because the judge had been a prosecutor who

10   was involved in one of petitioner's prior cases.  Petitioner did not present this claim to the Nevada

11   Supreme Court in either his direct appeal or in the appeal from the denial of his motion to modify

12   his sentence.  Petitioner did complain in his motion to modify sentence that the sentence he received

13   differed from what the plea agreement contemplated.  However, in that motion petitioner claimed

14   that the state district court and the prosecution breached the plea agreement.  He did not claim that

15   he received ineffective assistance of counsel.  See Ex. 40 (#9-41).  The operative facts and the legal

16   theory are different.  Ground 3 is not exhausted.

17           Ground 4 is a claim that the due process clause of the Fourteenth Amendment was violated

18   because the state district judge did not recuse herself.  She had been a prosecutor who was involved

19   in an earlier prosecution of petitioner.  Petitioner argued in direct appeal the state district judge

20   should have recused herself, but he argued that solely as a matter of state law.  See Ex. 31, at 3-4

21   (#9-32).  In its decision on direct appeal, the Nevada Supreme Court itself did not refer to federal

22   law.  See Ex. 35 (#9-36).  Ground 4 is not exhausted because petitioner did not present the recusal

23   issue to the Nevada Supreme Court as a matter of federal law.

24

25

26

---

27       [2]Respondents argue in the alternative that ground 2 does not state a claim of violation of

28   federal law.  The court will not address this argument because it has found that ground 2 is not
     exhausted.

1    IT IS THEREFORE ORDERED that respondents' motion to dismiss (#9) is **GRANTED**.

2    This action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available state-

3    court remedies.  The clerk of the court shall enter judgment accordingly.

4    DATED:   May 7, 2014

5

6    _____
     PHILIP M. PRO
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28